**JIN RU JIANG, Petitioner,**

v.

**UNITED STATES ATTORNEY GENERAL, Respondent.**

**No. 08–0005–ag.**

United States Court of Appeals, Second Circuit.

Aug. 27, 2008.

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Blair T. O'Connor, Senior Litigation Counsel; Hannah Baublitz, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Jin Ru Jiang, a native and citizen of the People's Republic of China, seeks review of a December 7, 2007 order of the BIA affirming the January 23, 2006 decision of Immigration Judge ("IJ") Steven R. Abrams, which denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jin Ru Jiang,* No. A99 073 425 (B.I.A. Dec. 7, 2007), *aff'g* No. A99 073 425 (Immig. Ct. N.Y. City Jan. 23, 2006). We assume the parties' familiarity

with the underlying facts and procedural history of this case.

We lack jurisdiction to review the IJ's decision insofar as it found that Jiang's asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). *See* 8 U.S.C. § 1158(a)(3). However, we may review Jiang's challenge to the agency's denial of her application for withholding of removal. Because Jiang waives any challenge to the agency's denial of her application for relief under CAT, we decline to review the agency's decision insofar as it denied that relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir.2005).

When the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Because the BIA assumed Jiang's credibility without rejecting the IJ's adverse credibility determination, we assume, without determining, her credibility. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271–72 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

We conclude that the record supports the agency's determination that Jiang failed to demonstrate a well-founded fear of persecution. In light of Jiang's failure to proffer any evidence demonstrating that Chinese national mothers with one child are forcibly inserted with IUDs or sterilized, the agency reasonably found her fear of persecution too speculative to be well-founded. *See Jian Xing Huang v. INS,* 421 F.3d 125, 129 (2d Cir.2005). Because the agency did not err in finding that Jiang failed to establish a well-founded fear of future persecution, it reasonably denied her application for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal is DISMISSED as moot.